UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JACQUELINE LOWERY, | ) ED CV 11-1479-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and defendant have filed their pleadings and the defendant has filed the certified transcript of the record. After reviewing the matter, the Court concludes that the decision of the

Commissioner should be affirmed.

## PROCEDURAL HISTORY

On September 30, 2008, plaintiff Jacqueline Diane Lowery filed an application for a period of disability and disability insurance benefits, and also filed a Title XVI application for supplemental security income. (AR 10). In both applications, plaintiff alleged an inability to work from September 30, 2008, based on disabling migraines, seizures, and a pinched nerve. (AR 155). These claims were denied on February 11, 2009, and the denial was affirmed upon reconsideration on July 2, 2009. (AR 10). After a hearing on August 10, 2009, an ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 10-20).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 1-3), plaintiff filed an action in this Court.

Plaintiff makes three challenges to the ALJ's decision to deny benefits. Plaintiff alleges that the ALJ erred in (1) failing to properly consider the treating physician's opinion; (2) failing to provide a complete and proper assessment of the plaintiff's residual functional capacity; (3) failing to pose a complete hypothetical question to the vocational expert.

### The ALJ Did Not Err In Discounting the Opinion of a Physician's Assistant

Plaintiff asserts that the ALJ failed to give proper consideration the medical opinion of plaintiff's treating physician, as the ALJ discounted two opinions by Festus Idahosa, a physician's assistant at Dr. Mike's Walk in Clinic, both of which state that plaintiff is unable to work but also noting that plaintiff had no limiting factors as would preclude her from participating in education or training. (AR 257, 261). Plaintiff suggests that the opinion of Dr. Mike's Walk in Clinic is that of plaintiff's "treating physician," and therefore should be afforded more weight than the opinions of an examining consultant or a non-examining expert. In response,

defendant argues that the opinion of a physician's assistant at Dr. Mike's Walk in Clinic is not that of a treating physician, and is due no "great weight." Contrary to plaintiff's assertion, the ALJ did not err by giving less weight to the opinion expressed by Dr. Mike's Walk in Clinic.

A physician's assistant is not an "acceptable medical source" and the opinions of physician's assistants are not entitled to the same deference given to the medical opinions of treating physicians. 20 C.F.R. § 404.1513(d) (stating that physicians' assistants are not "acceptable medical sources," but are "other sources" of evidence that may be used to show the severity of impairment); see also SSR 06-03p *2 (physicians' assistants are not "acceptable medical sources" and "cannot establish the existence of a medically determinable impairment").

Although the medical opinions of treating physicians are due "greater weight" than the opinions of examining physicians or non-examining physicians, the opinion of a physician's assistant is not a "medical opinion," and may only be used to show the severity of the claimant's impairment. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, the opinion of Dr. Mike's Walk in Clinic is that of a physician's assistant, and so is not from an acceptable medical source. Therefore, the ALJ need not give any deference to that opinion nor provide "specific and legitimate reasons" to reject it, and may discount it upon giving "reasons germane to each witness to do so." Id.

The ALJ offered two germane reasons to discount the opinion. First, the ALJ may properly reject such "check-off reports" that are unsubstantiated by any explanation for the conclusion expressed. Molina, 674 F.3d at 1111, quoting Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996). Here, the opinion of the physician's assistant was expressed in a standardized check box form, and the medical conclusion was not only unsupported by any explanation or clinical records, but was contradicted by another check box opinion stating that plaintiff had no limitations that would "affect his/her ability to work or participate in education or training."

(AR 261, 257).

Second, the opinion of the physician's assistant is inconsistent with the remainder of plaintiff's medical evidence, which does not support a claim of complete disability. When medical testimony is conflicting, the ALJ must weigh the evidence and resolve the conflict. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984). Further, when the conclusion of the ALJ is supported by substantial evidence, the determination of the ALJ must be upheld. <u>Id.</u> Here, the ALJ carefully considered the reports from Dr. Mike's Walk in Clinic, but rejected the bare opinion that plaintiff is unable to work as a conclusion inconsistent with the rest of the medical record. None of plaintiff's prior treating physicians found plaintiff unable to work (<u>see</u> AR 226, 238, 285), and plaintiff's RFC assessment by two examining physicians is consistent with those other medical opinions (AR 242-47, 253). The opinion of Dr. Mike's Walk in Clinic is the sole indication that plaintiff is unable to work, and is unsupported by any explanation or medical evidence supporting the opinion.

The ALJ did not err in discounting the opinion of the physician's assistant at Dr. Mike's Walk in Clinic as the opinion was not from an "acceptable medical source" and so was not due any "great weight." In addition, the opinion was merely a cursory "check-off report," without accompanying explanation or medical evidence, and is contradicted by the remainder of plaintiff's medical record. The ALJ correctly discounted the opinion, and provided germane reasons to do so.

<u>The ALJ Adequately Assessed Plaintiff's RFC and Posed an Appropriate Hypothetical to the Vocational Expert</u>

Plaintiff argues that the ALJ failed to properly consider the opinion of Dr. Mike's Walk in Clinic that plaintiff is unable to work, and this failure resulted in the ALJ making an incomplete assessment of plaintiff's RFC and posing an incomplete hypothetical question to the vocational expert. However, the ALJ correctly

discounted the opinion of Dr. Mike's Walk in Clinic, as the opinion is not that of plaintiff's treating physician and so is due no deferential consideration. As the ALJ did not err in discounting the opinion of Dr. Mike's Walk in Clinic, both the ALJ's assessment of plaintiff's RFC and the hypothetical posed to the vocational expert were complete and appropriate.

Further, the opinion of the physician's assistant that the plaintiff is "unable to work" is a conclusion that may properly be determined only by the ALJ; it is the job of the ALJ to weigh the available evidence and to determine whether plaintiff is able to work, so no "special significance" is due to the opinion of Dr. Mike's Walk in Clinic on that issue. 20 C.F.R.§ 404.1527(d)(3).

## II. **CONCLUSION**

The ALJ correctly noted that "a review of the record in this case reveals no restrictions recommended by any *treating doctor*," nor contains "any opinions from treating or examining doctors that the claimant is disabled." (AR 18) (emphasis added). The opinion of a physician's assistant at Dr. Mike's Walk in Clinic does not constitute the opinion of plaintiff's treating physician, and is due no special weight.

This Court finds that the ALJ properly weighed the medical evidence and plaintiff's reported impairments and concluded that plaintiff is not disabled in the context of the Social Security Act. The decision of the ALJ is affirmed.

DATED: June 1, 2012

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE